```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                   TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                              Case No.: 8:17-cr-623-T-33CPT

HARVEY LEE BASS

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Harvey Lee Bass's pro se Motion for Compassionate Release (Doc. # 124), filed on August 19, 2020. The United States responded on August 31, 2020. (Doc. # 127). On September 8, 2020, Bass filed a motion for leave to reply (Doc. # 128), which the Court denied. (Doc. # 129). For the reasons set forth below, the Motion is denied without prejudice.

**I.   Background**

In March 2019, the Court sentenced Bass to 120 months' imprisonment for conspiracy to possess with intent to distribute 500 grams or more of cocaine, oxycodone, and 50 kilograms or more of marijuana. (Doc. # 100). In October 2019, Judge Thomas Barber sentenced Bass to 37 months' imprisonment for violation of supervised released, to run consecutively with this Court's sentence. United States v. Bass, No. 2:11-

cr-120-FtM-60 (M.D. Fla. Oct. 23, 2019) (Doc. # 412). Bass is 53 years old and his projected release date from FCI Coleman Low is September 17, 2028. (Doc. # 127 at 2).

In the Motion, Bass seeks compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic and his other medical conditions, which include a history of throat cancer. (Doc. # 124). The United States has responded. (Doc. # 127). The Motion is ripe for review.

## II. Discussion

The United States argues that Bass's Motion should be denied (1) because Bass has failed to exhaust his administrative remedies and (2) on the merits. (Doc. # 127 at 11-17). The Court agrees with the United States that Bass has failed to exhaust his administrative remedies.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Bass argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the**

> **defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Bass alleges that he has exhausted his administrative remedies: "More than 30 days ago, Mr. Bass requested his prison's warden file a compassionate release motion. . . . The warden has not done so. . . . Thus, Mr. Bass submits his own request for compassionate release, showing that a combination of events make continued enforcement of the unmodified sentence inequitable and unfair." (Doc. # 124 at 3-4).

However, Bass has not exhausted his administrative remedies. Bass included evidence of an e-mail he sent to the

3

Warden in his Motion, wherein he requested that the BOP file a motion for compassionate release on his behalf. (Doc. # 124-1). However, the Warden replied that Bass would have to make this request through his case manager to be a proper request for compassionate release. (Id.). Bass did not include any additional evidence that he did so, or that he has since submitted this request through the proper administrative channels. And, even if the Warden's response were construed as a denial, there is no evidence that Bass has appealed any such denial.

Thus, Bass has not "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf" nor have "30 days [lapsed] from the receipt of such a request by the warden of his facility." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Alejo, No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)("[W]hen seeking compassionate release in the district court, a defendant must first file an administrative request with the Bureau of Prisons [] and then either exhaust administrative appeals or wait the passage of thirty days from the defendant's unanswered request to the warden for relief."); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("Given BOP's shared desire for a safe and healthy prison

4

environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added – and critical – importance."). Therefore, the Motion is denied without prejudice. See United States v. Miller, No. 2:16-cr-00269-BLW, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) ("Miller has failed to exhaust his administrative remedies as required by [Section] 3582(c)(1)(A). Accordingly, the Government's motion will be granted and Miller's motion will be dismissed without prejudice. Miller is free to refile it after fully exhausting the Bureau of Prisons' administrative appeals process.").

While Bass's concerns about the COVID-19 pandemic are understandable, the Court notes several measures that have been taken in response to the pandemic. For example,

> [u]nder the recently enacted CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020), "if the Attorney General finds that emergency conditions will materially affect" the BOP's functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2). The Attorney General has made such a finding regarding the emergency conditions that now exist as a result of the coronavirus. See Memorandum from Attorney Gen. William Barr to Director of Bureau of Prisons (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.

United States v. Engleson, No. 13-cr-340-3 (RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020). In addition, the BOP

5

has established numerous procedures to combat the spread of COVID-19 within its facilities. See Federal Bureau of Prisons, Updates to BOP COVID-19 Action Plan: Inmate Movement, available at https://www.bop.gov/resources/news/20200319_covid19_update.jsp (last updated Mar. 19, 2020).

Although the Court is cognizant of Bass's underlying health conditions, he must first seek relief through the proper administrative channels of the BOP. Bass may re-file his motion once he has fully exhausted his administrative remedies with the BOP.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Harvey Lee Bass's pro se Motion for Compassionate Release (Doc. # 124) is **DENIED** without prejudice for failure to exhaust administrative remedies.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of September, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE