```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                Case No.: 8:17-cr-623-T-33CPT

HARVEY LEE BASS

_____/

**ORDER**

This cause is before the Court pursuant to Defendant Harvey Lee Bass's pro se Motion for Reconsideration of the Court's denial of his Motion for Compassionate Release (Doc. # 132), filed on September 14, 2020. The United States of America responded on October 1, 2020. (Doc. # 137). With leave of Court, Bass replied on December 11, 2020. (Doc. # 148). For the reasons set forth below, the Motion is denied.

**I.   Background**

In March 2019, the Court sentenced Bass to 120 months' imprisonment for conspiracy to possess with intent to distribute 500 grams or more of cocaine, oxycodone, and 50 kilograms or more of marijuana. (Doc. # 100). In October 2019, Judge Thomas Barber sentenced Bass to 37 months' imprisonment for violation of supervised released, to run consecutively with this Court's sentence. United States v. Bass, No. 2:11-cr-120-FtM-60 (M.D. Fla. Oct. 23, 2019) (Doc. # 412). Bass is

54 years old and his projected release date from FCI Coleman Low is September 17, 2028. (Doc. # 137 at 3).

In the Motion, Bass seeks reconsideration of the Court's order denying his request for compassionate release for failure to exhaust his administrative remedies. (Doc. # 132). In his original motion, Bass sought compassionate release under Section 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic and his other medical conditions, which include a history of throat cancer. (Doc. # 124). The United States has responded (Doc. # 137), and Bass has replied. (Doc. # 148). The Motion is ripe for review.

**II. Discussion**

The United States argues that Bass's Motion should be denied because (1) Bass still has not exhausted his administrative remedies, and (2) on the merits. (Doc. # 137 at 4). The Court agrees that Bass has not exhausted his administrative remedies.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Bass argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all**

> **administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

Here, Bass alleges that he has now exhausted his administrative remedies: "[T]he government doggedly avers that Bass had not exhausted administrative remedies. This is nonsense. Bass satisfied [these] criteria by waiting 30 days after the warden clearly received his request." (Doc. # 148 at 3) (citations omitted). Bass posits that the Warden denied his request for compassionate release on July 9, 2020. (Id.). Bass argues that he has exhausted his administrative remedies

3

because he did not file his initial Motion with the Court until over thirty days later – on August 20, 2020. (Id.).

However, "when seeking compassionate release in the district court, a defendant must first file an administrative request with the [BOP] . . . and then either exhaust administrative remedies or wait the passage of thirty days from the defendant's *unanswered* request to the warden for relief." United States v. Alejo, No. CR-313-09-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020) (emphasis added). Therefore, a prisoner may not automatically file a motion for compassionate release in the district court following the Warden's timely denial of such a request, nor may he do so thirty days after a timely denial. See United States v. Smith, No. 4:15-cr-19, 2020 WL 2063417, at *2 (N.D. Ohio Apr. 29, 2020) ("Smith has also failed to exhaust his administrative remedies with respect to his original motion. Because the Warden explicitly denied his 2019 request for compassionate release, Smith needed to exhaust by appealing the Warden's decision.").

Instead, when the Warden timely denies a prisoner's request, the language of Section 3582(c)(1)(A) requires that the request be appealed through the appropriate administrative channels of the BOP. Only if the Warden does

not timely respond to the request may the prisoner file a motion with the district court after thirty days have elapsed since the request was made. See United States v. Early, No. CR-19-92, 2020 WL 272276, at *3 (W.D. Pa. May 21, 2020) ("Warden Williams responded to Defendant's request within 30 days of receipt. Consequently, Defendant is obligated to complete the administrative appeal process. Therefore, this Court finds that Defendant has failed to exhaust his administrative remedies.").

Here, Bass submitted his request for compassionate release to the Warden on June 28, 2020. (Doc. # 137-1). That request was timely denied on July 9, 2020. (Doc. # 137-2). In that denial, the Warden advised Bass:

> If you are not satisfied with this response to your request, you may commence [an] appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

(Id.). Despite that advice, Bass provides no proof in any of his motions or responses that he has appealed the Warden's timely denial of his request through the administrative channels of the BOP. Therefore, Bass's Motion is again denied for failure to exhaust his administrative remedies.

5

Still, turning to the merits of his Motion, the Court finds that Bass has not sufficiently proven that his circumstances are extraordinary and compelling so as to justify release. The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG §1B1.13, comment. (n.1). Bass bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Here, Bass argues that the Court should grant him compassionate release because of the COVID-19 pandemic and his underlying health conditions, which he avers includes hypertension, Hepatitis B, and a history of throat cancer. (Doc. ## 124; 148). The medical records that have been provided indicate that Bass recovered from his throat cancer in 2017. (Doc. # 124-1 at 10) ("53 yo male with hx of throat cancer 11/2017 completing 8 weeks of chemo/radiation

treatment. Per IM recall – last PET scan December 2019 was negative."). And, his other conditions appear well managed. (Id. at 7-8). Indeed, following one visit in June 2020, the healthcare provider noted: "Chart review data indicates that patient is stable on current medication therapy, no medication changes indicated." (Id. at 7).

Although Bass avers that he is suspicious that his cancer may have returned, the Court cannot grant compassionate release on mere suspicion. See United States v. Gotti, 433 F. Supp. 3d 613, 619 (S.D.N.Y. Jan. 15, 2020) (denying a motion for compassionate release where the defendant claimed he had lung cancer but had not been diagnosed). In the unfortunate event that Bass's cancer does return, he may file an appropriate motion at that time, providing the Court with evidence thereof. Accordingly, the Court finds that Bass has not sufficiently demonstrated that his circumstances are extraordinary and compelling. See, e.g., United States v. Frost, No. 3:18-cr-30132-RAL, 2020 WL 3869294, at *4-5 (D.S.D. July 9, 2020) (denying motion for compassionate release for COVID-19-positive prisoner who had other medical conditions, including severe coronary heart disease, COPD, and diabetes because there was no indication that he could not provide self-care while in prison); United States v.

7

Rodriguez Orejuela, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (denying a motion for compassionate release for an eighty-one year old inmate with a number of health conditions, including colon and prostate cancer and chronic hypertension); United States v. Brewster, No. 3:15-CR-104, 2020 WL 5603920, at *1-3 (E.D. Tenn. Sept. 17, 2020) (denying a COVID-19-positive prisoner's request for compassionate release who had a "history of throat cancer," as well as "hepatitis B, and cirrhosis of the liver.").

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of his crime. As the United States explains, "Bass has secured convictions nearly annually since he was 19 years old" and "has sustained convictions for drug trafficking, fleeing and eluding, and resisting an officer without violence." (Doc. # 137 at 13-14). Additionally, "Bass violated probation five times in other cases before the events giving rise to this case." (Id. at 14). Thus, the Court agrees that the seriousness of Bass's crime and the need for deterrence weigh against release. (Id. at 13-14).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

8

Harvey Lee Bass's pro se Motion for Reconsideration (Doc. # 132) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of January, 2021.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

9